**Exhibit A**

# EXHIBIT A

MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

SUPERIOR COURT BERGEN COUNTY
FILED
APR 1 3 2009
DEPUTY CLERK

| | |
|---|---|
| NORTH JERSEY BRAIN & SPINE CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>CIGNA HEALTHCARE OF NEW JERSEY, INC. and CIGNA CORPORATION,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO.: BER-L-3400-09<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, North Jersey Brain & Spine Center ("NJBSC"), by way of Complaint, alleges as follows:

### THE PARTIES

1. Plaintiff, NJBSC is a neurosurgical medical practice specializing in the treatment of the brain and spinal cord and having its main office located at 680 Kinderkamack Road, Suite 300, Oradell, New Jersey 07649. At all relevant times, the plaintiff was (and is) an "out-of-network" medical practice that provided various medical services to subscribers and/or their dependants enrolled in the healthcare plans operated, controlled and/or administered by the defendant.

2. Defendant, CIGNA Healthcare of New Jersey, Inc. and CIGNA Corporation (collectively "CIGNA") maintain their corporate offices in Connecticut.

## SUBSTANTIVE ALLEGATIONS

1. CIGNA operates, controls and/or administers managed healthcare or related insurance plans and claims submitted by its subscribers and/or their dependents. At all relevant times, CIGNA provided its subscribers/dependents – patients of NJBSC -- with "out-of-network" benefits, enabling these individuals to gain access to the physicians (providers) of their choice, rather than limiting access only to "in-plan" physicians as would be true with a health maintenance organization plan.

2. Pursuant to New Jersey statutory and administrative regulations, for each patient to be identified in this litigation, CIGNA was obligated to pay NJBSC 100% of plaintiff's billed usual, customary and reasonable ("UCR") fees, less the patient's co-pay, co-insurance or deductible, if any, and/or was required to make payment to plaintiff within 40 calendar days of receipt of plaintiff's bill. Additionally, CIGNA was unjustly enriched at the expense of NJBSC and/or misrepresented the amount NJBSC would be reimbursed for the services rendered. Contrary to applicable statutory and administrative code provisions and/or New Jersey Common Law, CIGNA has not paid anything for the surgical services rendered or has underpaid the claims and plaintiff's bills remain outstanding.

3. It cannot be reasonably disputed that all of the surgical procedures performed were "medically necessary" and some were emergency procedures.

4. The UCR fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that "out-of-network" providers, like the plaintiff, normally charge to their patients in the free market, i.e., without an agreement with an insurance company or other payor to reduce such a charge in exchange

for obtaining access to the insurance company's or CIGNA's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same geographic area with similar training and experience.

5. With respect to the services at issue rendered to the subscribers/dependents, defendant arbitrarily refused to pay the plaintiff correctly for such services. In fact, after being contacted about these claims, defendant has still refused to properly process and pay said claims.

6. By and through this lawsuit, NJBSC now seeks damages, due to defendant's actions.

7. The claims in this lawsuit do not arise under ERISA, do not arise from an assignment of benefits and do not arise under any purported federal common law or doctrine. All of the subject claims arise from New Jersey state common and statutory law.

## FIRST COUNT
### (Unjust Enrichment)

1. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

2. At all relevant times, defendant consistently and systematically refused to pay plaintiff correctly for the medical services it provided to the subscribers/dependents, contrary to its insurance coverage, statutory and regulatory obligations.

3. The defendant was paid premiums by its subscribers for out-of-network benefits and, pursuant to said premiums, was legally obligated to provide such coverage to its subscribers. In order to satisfy its coverage obligations to its subscribers, defendant, by necessity, required the services of NJBSC, to render medical services. Plaintiff did, in fact, render surgical services to defendant's subscribers.

-3-

4. The defendant has therefore received a benefit as a result of plaintiff's rendering of medical services that remain unpaid. Thus, CIGNA has been unjustly enriched through the use of funds that earned interest or otherwise added to its profits when said money should have been paid in a timely and appropriate manner to the plaintiff.

5. As a result of the defendant's unjust enrichment, NJBSC has suffered damages.

WHEREFORE, plaintiff demands judgment against defendant for:

a) Compensatory damages;

b) Interest;

b) Costs of suit;

c) Punitive Damages;

d) Attorney's fees; and

d) Such other relief as the Court deems equitable and just.

## SECOND COUNT
(Violations of New Jersey Regulations Governing Payment for Emergency Services Rendered By Non-Participating Providers)

1. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

2. Pursuant to N.J.A.C. 11:22-5.6(b), 11:24-5.3(b), 11:24-5.1(a), and 11:24-9.1(d), defendant was obligated to pay NJBSC 100% of plaintiff's usual, customary and reasonable ("UCR") fees, less the patient's copay, co-insurance or deductible.

-4-

3. Contrary to New Jersey administrative code provisions, however, defendant CIGNA has not properly paid for the surgical services rendered and plaintiff's bills remain outstanding.

4. As a result of the defendant's intentional and blatant violations of the subject administrative codes, plaintiff has been damaged. Plaintiff has a private right of action, express or implied, to prosecute its claim under these regulations.

WHEREFORE, plaintiff demands judgment against defendant for:

a) Compensatory damages;

b) Interest;

e) Costs of suit;

f) Punitive Damages;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just

### THIRD COUNT
(Violations of the HINT Act and HCAPPA)

1. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

2. Pursuant to N.J.S.A. 17B:30-23, 17:48-8.4, 17:48A-7.12, 17:48E-10.1, 17B:26-9.1, 17B:27-44.2 and 26:2J-8.1 (the relevant portions of what is commonly referred to as the Healthcare Information Networks and Technologies ("HINT") Act), and the corresponding administrative code sections codified at N.J.A.C. 11:22-1 et seq., defendant is required to remit payment to a healthcare provider for an "eligible" non-capitated claim for medical services no later than thirty (30) calendar days following electronic receipt of the claim by defendant or, if not submitted electronically, not later

-5-

than forty (40) calendar days following receipt. In the alternative, defendant is required to notify the provider within the same time frames of the specific reasons for a denial or dispute and to expeditiously request any missing information or documentation required to process the claims. (This provision of the HINT Act was amended effective July 11, 2006 as to electronic claims and reduced to seven (7) calendar days pursuant to the Health Claims Authorization, Processing and Payment Act ("HCAPPA")). The failure to do so constitutes an unequivocal waiver of defendant's right to contest such claims for any reason other than fraud. All overdue payments must bear simple interest at the rate of ten (10) percent per annum. (This interest rate increased to twelve (12) percent per annum effective July 11, 2006 pursuant to the Health Claims Authorization, Processing and Payment Act HCAPPA).

3. Despite its statutory duties, defendant as a matter of its own pattern and practice, delayed payment of properly submitted claims from the plaintiff and did not pay them correctly or at all, and then did not pay interest on the delayed payments. The defendant benefits by this practice. By delaying payment of a claim, defendant earns profits from its use of the funds, profits that it would not earn if payment were made in a timely manner.

4. NJBSC has submitted "clean" or "eligible" non-capitated claims which defendant has failed to pay within the prescribed statutory time period despite numerous attempts by plaintiff to address and resolve these issues with defendant. These practices by defendant are in violation of the HINT Act and HCAPPA.

5. The foregoing acts or omissions by defendant, in violation of the HINT Act and HCAPPA, were intentional and accompanied by a wanton and willful disregard of the

rights of plaintiff. These acts or omissions include, but are not limited to, defendant's: (i) delay or denial of payment of properly submitted claims; (ii) failure to pay interest on the delayed payments; (iii) failure to notify plaintiff of the reasons for non-payment of claims; (iv) offering of evasive or incomplete explanations to plaintiff regarding the status of outstanding claims; and (v) failure to timely notify plaintiff of the specific reasons for a claim dispute or denial. The defendant has engaged in such conduct with knowledge that there was a high degree of probability of harm by these acts or omissions because of its understanding that the plaintiff is simply too occupied with the practice of medicine and the care of its patients to be inconvenienced with never ending follow-up communications with defendant on outstanding, unpaid or inappropriately paid claims. The defendant's conduct in this regard demonstrates a reckless indifference to the consequences of its acts or omissions.

6. As a result of defendant's violations of the HINT Act and HCAPPA, NJBSC has been damaged. Plaintiff has a private right of action, express or implied, to prosecute its claims under the statutes and regulations.

WHEREFORE, plaintiff demands judgment against defendant for:

(a) Compensatory damages and interest for payment of the medical services provided which remain unpaid, are delayed or reduced as a result of the improper claims processing tactics utilized by the defendant;

(b) Costs of suit;

(c) Punitive Damages;

(d) Attorney's fees; and

(e) Such other relief as the Court deems equitable and just.

## FOURTH COUNT
### (Misrepresentation)

1. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

2. Despite its pre-authorization of treatment and pre-certification of coverage, defendant intentionally refused and has continued to refuse to pay the subject claims appropriately or at all and, in addition, intentionally and/or negligently used and/or manipulated data that understated the UCR fees for the medical services provided by NJBSC. Because of defendant's intentional, willful and wanton conduct, and/or negligent conduct, plaintiff was paid less than the amount than an accurate UCR allowance computation would have yielded, in accordance with the pre-certification of coverage, or was not paid at all.

3. Defendant's intentional and/or negligent false promise to pay claims appropriately and its intentional and/or negligent manipulation and skewing of the data utilized in determining the UCR fees, which resulted in payment to the plaintiff of less than the appropriate UCR fee, was unknown to the plaintiff at the time it agreed to perform the medical services for the subscribers and/or their dependents. Plaintiff reasonably expected and relied upon what it believed to be defendant's honest representations that the plaintiff would be properly compensated in accordance with the pre-certification of coverage.

4. NJBSC's reliance on these representations was to its substantial detriment and as a result the plaintiff suffered significant money damages.

5. By virtue of the foregoing, defendant has committed intentional and/or negligent misrepresentation.

WHEREFORE, plaintiff demands judgment against defendant for:

a) Compensatory damages;

b) Punitive damages;

c) Interest;

d) Costs of suit;

e) Attorney's fees; and

f) Such other relief as the Court deems equitable and just.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

                                MAZIE SLATER KATZ & FREEMAN, LLC
                                Attorneys for Plaintiff

DATED: April 10, 2009      By: _____
                                          ERIC D. KATZ

### DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Eric D. Katz, Esq. as trial counsel in the above matter.

                                MAZIE SLATER KATZ & FREEMAN, LLC
                                Attorneys for Plaintiff

DATED: April 10, 2009      By: _____
                                          ERIC D. KATZ

## CERTIFICATION PURSUANT TO RULE 4:5-1(b) 2

ERIC D. KATZ, of full age, hereby certifies that:

1.  I am a partner with the law firm of Mazie Slater Katz & Freeman, LLC, attorneys for plaintiff in this action.

2.  To the best of my knowledge, the matter in controversy is not the subject of any other action pending in any Court or any pending arbitration proceeding.

3.  No other actions or arbitration proceedings are contemplated by this plaintiff against the defendant at this time.

4.  I know of no other parties that should be joined in this action at this time.

I certify that the foregoing statements made by me are true. I am aware that if the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: April 10, 2009

_____
ERIC D. KATZ

H:\EDK\Comp Neuro\CIGNA III\Complaint and Jury Demand 4-10-09.doc