UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY

NORTH JERSEY BRAIN & SPINE
CENTER,

    Plaintiff,

vs.

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY,

    Defendant.

Civil Action No.: 10-4260 (SDW)(MCA)

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN ACCORDANCE WITH THE COURT'S MARCH 3, 2011 TEXT ORDER (D.E. 20) IN FURTHER SUPPORT OF MOTION TO REMAND CASE TO SUPERIOR COURT OF NEW JERSEY**

**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

Of Counsel and on the Brief:
    Eric D. Katz

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

LEGAL ARGUMENT..................................................................................................................3

    NJBSC'S ASSIGNMENTS WERE FOR "REIMBURSEMENT" FOR MEDICAL
    SERVICES AND NOT FOR "BENEFITS" AND THEREFORE DO NOT GIVE
    RISE TO DERIVATIVE STANDING UNDER ERISA...............................................................3

CONCLUSION.............................................................................................................................8

# TABLE OF AUTHORITIES

**CASES**                                           **Pages**

Alliance Health of Santa Teresa v. National Presto Industries, Inc.,
137 N.M. 537 (N.M. Ct. App. 2005) .................................................................................2

Beth Israel Medical Center v. Sciuto, 1993 U.S. Dist. LEXIS 9145 (S.D.N.Y. 1993) ..................2

Community Medical Center v. Local 464A UFCW Welfare Reimbursement Plan,
143 Fed. Appx. 433, 2005 WL 1799354 (3d Cir. 2005)........................................... passim

Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.,
591 F.3d 1337 (11th Cir. 2009) ..........................................................................................4

Cooper Hosp. Univ. Med. Ctr. v. Seafarers Health & Benefits Plan,
2007 WL 2793372 (D.N.J. Sept. 25, 2007) ..................................................................... 3,5

Hoag Memorial Hospital v. Managed Care Administrators,
820 F. Supp. 1232 (C.D. Cal. 1993) ...................................................................................2

Hospice of Metro Denver, Inc. v. Group Health Insurance of Oklahoma, Inc.,
944 F.2d 752 (10th Cir. 1991) ............................................................................................1

McCall v. Metropolitan Life Ins. Co., 956 F. Supp. 1172 (D.N.J. 1996).........................................2

Memorial Hospital Systems v. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir. 1990)............. 1,2

North Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of N.J., Inc.,
2008 WL 4371754 (D.N.J. Sept. 18, 2008) ..................................................................... 3,6

Somerset Orthopedic Assocs., P.A. v. Aetna Life Ins. Co.,
2007 WL 432986 (D.N.J. Feb. 2, 2007) .......................................................................... 3,6

The Meadows v. Employers Health Insurance, 47 F.3d 1006 (9th Cir. 1995) ................................1

Touro Infirmary v. Am. Mar. Officer, 2007 WL 4181506,
(E.D.La. Nov. 21, 2007)) ....................................................................................................3

Transitional Hospital Corp. v. Blue Cross and Blue Shield of Texas, Inc.,
164 F.3d 952 (5th Cir. 1999) ..............................................................................................2

Variety Children's Hospital, Inc. v. Blue Cross/Blue Shield of Florida,
942 F. Supp. 562 (S.D. Fla. 1996) ......................................................................................1

**PRELIMINARY STATEMENT**

This supplemental brief is respectfully submitted on behalf of plaintiff North Jersey Brain & Spine Center ("NJBSC"), as requested by the Court in its March 3, 2011 Text Order (D.E. 20), and responds to the supplemental brief filed by defendant Connecticut General Life Insurance Company ("CGLIC").

As an initial matter, NJBSC reiterates that it filed this action in its capacity as an independent third-party healthcare provider -- **and not as an assignee of any rights (in whatever form) from CGLIC's members or its dependents**. Put another way, assignments play no role in this litigation and NJBSC may pursue its claims regardless of whether there were or were not assignments from the patients and notwithstanding any causes of action the members or their dependents may possibly have against the carrier. NJBSC's claims arise solely from the misrepresentations made to NJBSC <u>directly</u> by CGLIC prior to the rendering of services when plaintiff requested pre-certification for its services and verified payment terms for those services. In short, this dispute presents nothing more than garden variety state common law issues, and does not implicate ERISA whatsoever. As we addressed in our initial briefing in support of remand, courts from around the country, including New Jersey, have held in near unanimity that a provider may bring suit against a health insurer -- pursuant to state common law theories -- for payment of its services where those services are rendered in reliance on the insurer's pre-authorization and pre-certification of coverage and irrespective of assignments from the patients of any type. See <u>Variety Children's Hospital, Inc. v. Blue Cross/Blue Shield of Florida</u>, 942 F. Supp. 562 (S.D. Fla. 1996); <u>The Meadows v. Employers Health Insurance</u>, 47 F.3d 1006 (9th Cir. 1995); <u>Hospice of Metro Denver, Inc. v. Group Health Insurance of Oklahoma, Inc.</u>, 944 F.2d 752 (10th Cir. 1991); <u>Memorial Hospital Systems v. Northbrook Life Ins. Co.</u>, 904 F.2d 236

1

(5th Cir. 1990); Transitional Hospital Corp. v. Blue Cross and Blue Shield of Texas, Inc., 164 F.3d 952 (5th Cir. 1999); Hoag Memorial Hospital v. Managed Care Administrators, 820 F. Supp. 1232 (C.D. Cal. 1993); McCall v. Metropolitan Life Ins. Co., 956 F. Supp. 1172 (D.N.J. 1996); Beth Israel Medical Center v. Sciuto, 1993 U.S. Dist. LEXIS 9145 (S.D.N.Y. 1993); Alliance Health of Santa Teresa v. National Presto Industries, Inc., 137 N.M. 537 (N.M. Ct. App. 2005). **Tellingly, CGLIC was not able to contradict this well-settled authority**.

In this supplemental brief NJBSC addresses the issues raised by the Court and briefed by CGLIC as to the nature and scope of the assignments from patients R.L. and N.I. In doing so, we continue to vigorously maintain that whether there were assignments and the scope of those assignments should not be the focus of the Court's remand analysis. That said, as we address below, **the assignments obtained by NJBSC were merely "assignments for reimbursement or payment" of medical services and not "assignments for benefits," and therefore insufficient for defendant to establish plaintiff's derivative standing under ERISA. (See NJBSC's "Insurance Authorization and Assignment" documents for Patients R.L. and N.I., attached to the Supplemental Document Identifying Certification of Eric D. Katz ("Katz Cert.") as Exhibit "A") ("I hereby assign to [plaintiff] all payments for medical services rendered to myself or my dependents.").**[1] In short, even if this Court considers the assignment issue pertinent to its analysis, remand would still be appropriate. NJBSC's motion should therefore be granted.

---

[1] Plaintiff's business is Comprehensive Neurosurgical, P.C. d/b/a North Jersey Brain and Spine Center, and the practice has been known as either entity for many years.

## LEGAL ARGUMENT

### NJBSC'S ASSIGNMENTS WERE FOR "REIMBURSEMENT" FOR MEDICAL SERVICES AND NOT FOR "BENEFITS" AND THEREFORE DO NOT GIVE RISE TO DERIVATIVE STANDING UNDER ERISA

As this Court correctly recognized in its Text Order, there are different types of assignments that a patient may provide to his/her physician and determining the particular scope of the assignment is essential to analyzing the existence of derivative standing under ERISA. Significantly, the Third Circuit and many courts in this and other Districts have recognized this important distinction. See, e.g., Community Medical Center v. Local 464A UFCW Welfare Reimbursement Plan, 143 Fed. Appx. 433, 435-6, 2005 WL 1799354 (3d Cir. 2005) (the failure to establish an "appropriate assignment [of claimant's benefits] is fatal to its standing"); North Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of N.J., Inc., 2008 WL 4371754, at *8 (D.N.J. Sept. 18, 2008) ("The scope of the assignment is essential to establishing derivative standing as courts have made distinctions between assignments that only give the provider the right to reimbursement for medical services -- which are not ERISA claims -- and assignments that give the provider a full assignment of benefits, which are ERISA claims.") (citing Cooper Hosp. Univ. Med. Ctr. v. Seafarers Health & Benefits Plan, 2007 WL 2793372, at *3 (D.N.J. Sept. 25, 2007); Touro Infirmary v. Am. Mar. Officer, 2007 WL 4181506, at **3-6 (E.D.La. Nov. 21, 2007)); Somerset Orthopedic Assocs., P.A. v. Aetna Life Ins. Co., 2007 WL 432986, at *2 (D.N.J. Feb. 2, 2007) (holding that the defendant failed to show an assignment sufficient for ERISA preemption purposes, "as the assignment authorizes nothing more than direct payment to the plaintiff").

Although CGLIC recognizes this authority, it requests that this Court simply ignore it in favor of an Eleventh Circuit decision that expressly chose to disregard Third Circuit law and, of

course, has no precedential value here. See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1352 (11th Cir. 2009).[2] In the case at bar, as is immediately apparent from reading the assignments attached as Exhibit "A" to the Katz Cert., patients R.L. and N.I. "assigned" to plaintiff the "right to reimbursement" for payment of medical services and nothing more. It is settled law in the Third Circuit that unlike an assignment of "benefits," an assignment of "reimbursement" or "payment" for medical services does not give rise to standing under ERISA. NJBSC is therefore entitled to remand.

Precisely like the case at bar, in Community Medical Center v. Local 464A UFCW Welfare Reimbursement Plan, 143 Fed. Appx. 433, 435-6, 2005 WL 1799354 (3d Cir. 2005), the Third Circuit observed that "counsel repeatedly maintained that any . . . assignment form only **assigned the right to reimbursement**." Id., n. (emphasis added). The Third Circuit thus concluded:

> [A]s in *Pascack Valley*, the Plan has the burden of proving that CMC's claim is governed by ERISA since the Plan sought removal. It is now clear that the Plan has not satisfied that burden. Even assuming CMC can obtain standing under ERISA by an assignment of claimants' benefits, its failure to establish that an appropriate assignment exists is fatal to its standing. Id.

This case is on all fours with Community Medical Center. Here, too, the record is very clear that the assignments obtained from patients R.L. and N.I. simply assigned to plaintiff "the right to reimbursement," and were not assignments of benefits that would give rise to ERISA

---

[2] CGLIC also cites to Judge Wigenton's unreported decision in Ambulatory Surgical Center v. Horizon. However, that case was procedurally and substantively postured entirely different than the case at bar. There, the plaintiff sought to bring suit under ERISA based on an assignment of "benefits" and the district judge denied the defendants' motion to dismiss contending that there was not a valid assignment. Here, of course, NJBSC seeks remand to pursue its state court claims which it contends are independent of ERISA and any assignments. See Amended Complaint at paragraph 9 (D.E. 9).

4

standing. Thus, CGLIC has not carried its burden of establishing that "an appropriate assignment" sufficient to confer standing under ERISA exists. Id.

As noted above, decisions in this District following Community Medical Center have echoed the same theme and have noted the importance of distinguishing between an assignment of payment or reimbursement and a complete assignment of all benefits under the ERISA plan. In Cooper Hospital University Medical Center v. Seafarers Health & Benefits Plan, 500 F. Supp. 2d 457, 461 (D.N.J. 2007), Judge Irenas directed a remand "because the record [was] completely devoid of any evidence of an assignment . . .". Thereafter, in response to a motion for reconsideration, Judge Irenas noted that,

> [T]he Court cannot consider the assignment document for the first time on reconsideration.
>
> Even if the Court were permitted to consider the evidence, however, the assignment document is not conclusive proof of an assignment. It reads, in relevant part:
>
> > **Assignment of Benefits:** I hereby authorize payment direct to Cooper Hospital/University Medical Center of the insurance payments otherwise payable to me, but not to exceed the hospital rate. In the event that my insurance company does not approve any or all of my hospital or associated medical charges; I hereby give the Cooper Health System my consent to pursue all available appeal processes.
>
> This language is not an unequivocal assignment of all of Pritchett's rights under Seafarers' Plan. Rather it allows the Hospital to receive payments directly from Seafarers, and in a situation such as this, to pursue available appeal processes. It does not give the Hospital the right to pursue litigation based upon Seafarers' refusal to pay charges.
>
> Cooper Hospital University Medical Center v. Seafarers Health & Benefits Plan, 2007 WL 2793372 (D.N.J. 2007) at *3 [emphasis in original]

A similar result was reached in <u>Somerset Orthopedic Associates, P.A. v. Aetna Life Insurance Co.</u>, 2007 <u>WL</u> 432986 (D.N.J. 2007). There, the defendant attempted to argue, among other things, that ". . . the plaintiff is obliged to concede the existence of an assignment or alternatively concede plaintiff has no standing to assert any claim against defendant." The defendant also asserted that the ERISA plan beneficiary had signed a form which stated that he "authorize[d] my insurance benefits to be paid directly to the [plaintiff]." <u>Id.</u>, at * 1. The District Court rejected these arguments and ruled that, "the defendant has not met its burden of demonstrating that the Beneficiary executed a relevant assignment for ERISA preemption, as the assignment authorized nothing more than direct payment to the plaintiff."

Judge Ackerman came to a similar conclusion in <u>North Jersey Center for Surgery, P.A. v. Horizon Blue Cross Blue Shield of New Jersey, Inc.</u>, <u>supra</u>, where he made the following comments:

> Magistrate Judge Salas wisely noted that the Court cannot determine the scope of the assignment without proof of the assignment. . . Here the Court has no evidence to review. All the Court has is Plaintiff's generalized assertion that it is an "assignee[ ] and/or third-party beneficiary of the contracts of health insurance between [its] patients who are Horizon subscribers and Horizon." [Compl. at ¶19] The Court thus has no way to determine whether the purported assignment conferred only rights to reimbursement of medical services (beyond the scope of ERISA) or the full benefits of the insurance plan (within the scope of ERISA). . .
>
> . . . Therefore Horizon has not met the *Pascack Valley* test; it has not established this Court's jurisdiction. For these reasons, and for the reasons stated by Magistrate Judge Salas, the Court will grant Plaintiff's motion and remand. [<u>Id.</u> at *4]

In short, the case law is clear that absent a valid and complete assignment of "benefits," derivative standing under ERISA does not exist. The burden to establish such an assignment is on CGLIC, as the removing party seeking to assert federal subject matter jurisdiction. In fact,

the indisputable evidence, as set forth in the Katz Cert. as Exhibit "A," is that the assignments by the patients here were simply assignments to reimbursement for the medical services rendered. Consequently, CGLIC cannot satisfy its burden and NJBSC's remand motion should be granted.

CGLIC nevertheless refuses to recognize the important distinction between different kinds of assignments and assumes that all assignments are the same. CGLIC also relies upon and misconstrues what is now a very moot remark made by NJBSC's counsel in response to a question from the Court during oral argument in another case in November 2009 and labels that remark a "judicial admission" that plaintiff obtained an assignment of "benefits." See CGLIC's Supplemental Brief at 2-3 and 6-8.

For one thing, CGLIC does not include the entire response from counsel in its brief. Specifically, during oral argument the Magistrate Judge asked plaintiff's counsel: "Is plaintiff disputing that a valid assignment of the patient's claims exists?" (See November 18, 2009 Transcript of oral argument in North Jersey Brain & Spine Center v. CIGNA, Civil Action No. 09-630, at 4:18-19, attached to Katz Cert. as Exhibit "B"). Plaintiff's counsel's **complete** response was: "No, I'm sure there is a valid assignment …this particular provider, in fact, any provider, when they submit their claim, they submit it with an assignment, they check off the assignment benefits box in the claim form, **so this way the practice could get paid for the services they render**." (Id. at 4:20 to 5:1) (emphasis added). In short, counsel's statement is consistent with the assignments attached to the Katz Cert. as Exhibit "A," which are simply assignments for "reimbursement" for the medical services rendered. At the very most, counsel's response two years ago was ambiguous, made without the benefit of reviewing NJBSC's documents pertaining to assignments, and is now "clarified" by the attachment of those assignments to the Katz Cert.

7

Finally, CGLIC's reliance on <u>Sportscare of America v. Multiplan, Inc.</u> is misplaced. In that case, the plaintiff in its complaint "expressly alleges the existence of assignments of benefits and specifically states that its right to payment is dependent upon them." <u>Slip op.</u> at 6 (attached to D.E. 25 filed by CGLIC). Here, of course, NJBSC has repeatedly argued precisely the opposite, to wit, its claims are completely independent of assignments of any kind, that plaintiff expected payment based on the verification of payment terms made directly to it by CGLIC during pre-certification, and that plaintiff may pursue its direct causes of action against defendant whether there were assignments or not. Accordingly, NJBSC's remand motion should be granted.

## CONCLUSION

For the foregoing reasons as well as those set forth in prior briefing, it is respectfully requested that NJBSC's motion to remand be granted.

Respectfully submitted,

MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for Plaintiff

BY: _____
ERIC D. KATZ

Dated: March 28, 2011

8