NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY BRAIN & SPINE CENTER,<br><br>                              Plaintiff,<br><br>             v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE COMPANY,<br><br>                              Defendant. | Civil Action No. 10-cv-4260 (SDW)<br><br>**OPINION**<br><br>October 6, 2011 |

**WIGENTON**, District Judge.

     Before this Court is Plaintiff North Jersey Brain & Spine Center's objections to Magistrate Judge Madeline Cox Arleo's Report and Recommendation ("R&R") denying Plaintiff's motion to remand this action to the Superior Court of New Jersey. Defendant Connecticut General Life Insurance Company ("CGLIC") opposes Plaintiff's objections. Also before the Court is Defendant's motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court **ADOPTS** the Report and Recommendation by Judge Arleo, **DENIES** Defendant's motion to dismiss.

## I. Background

The facts and procedural history are recited briefly. Plaintiff is a neurosurgical medical practice located in New Jersey, which specializes in surgery and treatment of the brain and spinal cord. (Am. Compl. ¶ 1.) Plaintiff is an out-of-network medical practice that provides medical services to individuals who are enrolled in healthcare plans provided, operated, controlled, and/or administered by CGLIC. (Am. Compl. ¶¶ 1,3.) Before providing medical services to participants of CGLIC's plan, Plaintiff, through a representative, allegedly contacted a CGLIC representative who verified that the patients had out-of-network coverage and that CGLIC would pay the agreed upon usual, customary, and reasonable ("UCR") fees. (*See id.* at ¶ 5.) Relying on the CGLIC representative's statements, Plaintiff rendered the medical services to the patients, e.g. R.L and N.I.; however, CGLIC subsequently reimbursed Plaintiff less than the agreed upon amount. (*See id.*)

On June 28, 2010, Plaintiff filed the instant action in the Superior Court of New Jersey, Bergen County.[1] Plaintiff asserted claims for promissory estoppel, unjust enrichment, and negligent and intentional misrepresentation. On August 18, 2010, CGLIC removed the case to this court based on federal question jurisdiction due to ERISA preemption. On November 24, 2010, Plaintiff filed a motion for remand disputing ERISA preemption, asserting lack of diversity jurisdiction and that the amount in controversy is only $63,000 based on outstanding fees owed for medical services rendered to R.L. and N. I.[2]

---

[1] Plaintiff originally sued CIGNA Corporation and CIGNA Healthcare of New Jersey ("CIGNA"); however, the parties entered into a stipulation by which CGLIC, a CIGNA-affiliate, was named the proper defendant. CIGNA was dismissed as a party, and Plaintiff, by consent, filed an amended complaint properly suing CGLIC.

[2] Notably, on April 13, 2009, Plaintiff filed a nearly identical action against CIGNA. Both the current lawsuit and the April 2009 lawsuit involve the same factual dispute and the same assertions by Plaintiff. *Compare* Am. Compl., *N. Jersey Brain & Spine Ctr. v. Connecticut Gen. Life Ins. Co.* No. 10-CV-4260 (D.N.J Nov. 12, 2010), ECF No. 9, *with* Compl., *N. Jersey Brain & Spine Ctr. v. Connecticut Gen. Life Ins. Co.* No. 09-CV-2630 (D.N.J April 10, 2009), ECF No. 1, Ex. 1. In the April 2009 lawsuit, Plaintiff's claims were also removed by the defendant, and

2

On June 30, 2011, Judge Arleo rendered a R&R proposing that Plaintiff's motion be denied on the grounds of subject matter jurisdiction and ERISA preemption. Plaintiff objects to Judge Arleo's R&R arguing that: (1) its well-pleaded complaint sets forth only state law claims that are unfettered by ERISA, (2) its claims are not completely preempted by ERISA because Plaintiff does not have derivative standing to sue, and (3) the claims in the complaint arise under an independent state law duty that concerns neither ERISA nor CGLIC plan documents. CGLIC maintains that Plaintiff's objections should be denied because, among other things: (1) Plaintiff is able to bring its claims under ERISA as an assignee of its patients, (2) Plaintiff's claims are not supported by any legal duty independent of ERISA, and (3) Plaintiff's claims will require interpretation of the terms of the Plans. The Court will address each of Plaintiff's objections below.

## II. Motion to Remand

### a. Discussion

#### i. Standard of Review

Review of a Magistrate Judge's R&R, as well as objections to it, is governed by Local Civil Rule 72.1. The rule provides that the Court "shall make a *de novo* determination of those portions [of the R&R] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2). In conducting its review, the Court "may consider the record developed before the Magistrate Judge, making [its] own determination on the basis of that record." *Id.*, *see also State Farm Indem. v. Fornaro,* 227 F.Supp. 2d 229, 231 (D.N.J. 2002).

---

Plaintiff also sought a remand. The court ultimately found that removal was proper, and on March 5, 2010 Judge Joseph A. Greenaway adopted the Report and Recommendation denying Plaintiff's remand motion. On March 15, 2010 CIGNA moved to dismiss Plaintiff's complaint. Two days later, Plaintiff filed a notice of voluntary dismissal without prejudice. Three months later, Plaintiff filed the instant action.

### ii. State Law Claims

While typically a pleading determines whether a complaint is subject to state or federal law, *see Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987), "in certain circumstances the preemptive force of the federal law" can completely preempt state law causes of action despite the "well-pleaded complaint" rule. *Dawson v. Ciba-Geigy Corp. USA*, 145 F.Supp. 2d 565, 568 (D.N.J. 2001) (citing *id.* at 63-65). In fact, a court may "look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 274 (3d Cir. 2001) (quotations omitted).

Here, Plaintiff argues that the complaint asserts facts and causes of action that are actionable only under state law and that do not raise a federal question. (*See* Pl.'s Br. 4.) Further, Plaintiff emphasizes that it is axiomatic that the party bringing suit is the master of its complaint, and therefore decides the law under which its claim(s) will be advanced. (*See id.* at 5.) However, considering the rule set forth in *Dawson*, Plaintiff's argument that the complaint controls the law to be applied to his claims must fail.

### iii. ERISA Preemption

The doctrine of complete preemption permits removal of an action to federal court when (1) a federal statute wholly displaces a state law claim and creates a superseding claim, and (2) there is a "clear indication of a Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law." *Railway Labor Execs. Ass'n v. Pittsburg & Lake Erie R.R. Co.*, 858 F.2d 936, 942 (3d Cir. 1988). Where there is complete preemption, removal is proper even if federal claims are not asserted in the complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Pursuant to the test enumerated in *Pascack Valley Hospital v. LOCAL 464A UFCW*

*Welfare Reimbursement Plan*, removal is proper in the context of ERISA only if "(1) the [plaintiff] Hospital could have brought its . . . claim under § 502(a) [of ERISA], and (2) no other legal duty supports the [plaintiff] Hospital's claim." *Pascack Valley Hosp. v. LOCAL 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). Plaintiff argues that its claims are not completely preempted by ERISA because (1) it does not have derivative standing and (2) the claims in the complaint arise under an independent state law duty that does not concern ERISA or CGLIC plan documents. Regarding derivative standing, Plaintiff cites a plethora of cases to buttress its contention. *See e.g. N. Jersey Ctr. For Surgery, P.A. v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 07-CV-4812, 2008 WL 4371754 (D.N.J. Sept. 18, 2008), *Cooper Hosp. Univ. Med. Ctr. v. Seafarers Health & Benefits Plan*, No. 05-CV-5941, 2007 WL 2793372 (D.N.J. Sep. 25, 2007), *Comty. Med. Ctr. v. Local 464A UFCW Welfare Reimbursement Plan*, 143 F. App'x 433 (3d Cir. 2005).[3] Plaintiff's reliance on these cases is flawed because in each cited case, the court did not find standing due to the absence of proof of an actual assignment of benefits. Contrarily, in this case, as Judge Arleo correctly noted, the executed "INSURANCE AUTHORIZATION AND ASSIGNMENT" form unequivocally establishes that the only benefit at issue, i.e., benefit of reimbursement, was in fact assigned.[4]

---

[3] Plaintiff also relies on *Memorial Hospital Systems v. Northbrook Life Insurance Company*, 904 F.2d 236 (5th Cir. 1990) and its progeny. Plaintiff's reliance on *Memorial* is misplaced as footnote twenty in that case discusses a previous Fifth Circuit holding that cuts against Plaintiff's argument. In *Hermann Hospital v. MEBA Medical & Benefits Plan*, 959 F.2d 569 (5th Cir. 1992), the Fifth Circuit considered a provider's grievance concerning a plan's delay in processing the provider's claim and the recovery of plan benefits that were assigned to the provider by a beneficiary. The Fifth Circuit held that as a hospital, the plaintiff had derivative standing as an assignee of plan benefits since the claims were dependent and derived from the rights of the plan's beneficiaries to recover benefits under the terms of the plan.

[4] Plaintiff also argued that CGLIC should be judicially estopped from arguing that the assignment in this case regarding the right to reimbursement is a complete assignment because in *Franco v. Connecticut General Life Insurance Co.*, No. 07-Civ-6039 (D.N.J. Sept. 23, 2011), CGLIC argued the assignment of the right to reimbursement in that case was not a complete and unequivocal assignment such that it would allow for derivative standing under ERISA. Considering the (1) factual differences between this case and *Franco*, namely that in *Franco* there was no evidence of an actual assignment, and (2) the nature of statements at issue, this Court finds Plaintiff's argument meritless.

*See Comty. Med. Ctr.*, 143 F. App'x at 436; *Wayne Surgical Ctr., LLC*, No. 06-CV-928, 2007 WL 2416428 (D.N.J. Aug. 20, 2007). Accordingly, the first *Pascack* prong is satisfied.

Regarding Plaintiff's argument concerning the second *Pascack* prong, Plaintiff has failed to show that its claims are not related to the terms of the CGLIC plan. Plaintiff fails to acknowledge that in its amended complaint, it alleges that CGLIC promised to pay Plaintiff the usual customary and reasonable fee prior to Plaintiff's rendering of medical services to the patients involved. Accordingly, Plaintiff's "state law claims do not arise via independent contract terms, but rather from an ERISA governed reimbursement amount dispute for which [Plaintiff] is a valid patient benefit assignee." *Ambulatory Surgical Ctr. of New Jersey v. Horizon Healthcare Servs., Inc.*, No. 07-2538, 2008 U.S. Dist. LEXIS 13370, at *14-15 (D.N.J. Feb. 21, 2008. As Judge Arleo stated, "[P]laintiff's claims for promissory estoppel and unjust enrichment seek reimbursement of billed medical charges and relate to challenges to the 'administration' of benefits rather than the 'quality of the medical treatment performed'." Report and Recommendation, *N. Jersey Brain & Spine Ctr. v. Connecticut Gen. Life Ins. Co.*, No. 10-CV-04260 (D.N.J June 30, 2011), ECF No. 28 at 10 (citing *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 273 (3d. Cir. 2001)). As Plaintiff has failed to show through its objections that the *Pascack* test has not been satisfied, Plaintiffs claims are completely preempted by the ERISA statute.

Plaintiff did not object to Judge Arleo's conclusion regarding subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, this Court does not discuss that portion of the R&R.

### III. Motion to Dismiss

CGLIC moved to dismiss Plaintiff's amended complaint on the grounds that (1) Plaintiff's claims were completely preempted by ERISA and (2) alternatively Plaintiff's state claims were factually deficient. This Court concludes that this opinion renders Defendant's

6

motion to dismiss partially moot.  To the extent that this opinion does not touch on Defendant's motion, this Court concludes that Plaintiff's claims are pled sufficiently enough to warrant a counter-pleading.

## IV.     Conclusion

For the reasons stated above, this Court **ADOPTS** the Report and Recommendation by Judge Arleo, and **DENIES** Defendant's motion to dismiss.

s/Susan D. Wigenton, U.S.D.J.

Orig:   Clerk
Cc:     Madeline Cox Arleo, U.S.M.J.
        Parties